```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

TYRONE HAWKINS                                      CIVIL ACTION

VERSUS                                              NO. 10-1178

MARLIN GUSMAN, ET AL                                SECTION "F"(5)
```

### REPORT AND RECOMMENDATION

Plaintiff, Tyrone Hawkins, filed this pro se and in forma pauperis complaint pursuant to 42 U.S.C. §1983, complaining about his living conditions at Orleans Parish Prison ("OPP").[1] In his complaint (rec. doc. 2), and during a subsequent status conference (rec. doc. 8), plaintiff complains about peeling paint, mildew on the walls and rust on the bars of his OPP cell, along with overcrowded conditions and not being provided with a mattress when he was transferred between OPP facilities. Plaintiff asserts that "dust, lint and shower odor" entered his cell via his cell vent, causing him to suffer severe headaches, throat mucus and watery eyes. In connection with these problems, plaintiff complains that it took seven days, after he lodged a sick call request, to be

---

[1] Since the filing of this action, plaintiff was transferred from OPP and is currently incarcerated in Dixon Correctional Institute.

examined by a doctor.  Plaintiff also complains about "unsanitary eating conditions", stating that he had to "eat by the toilet." Further, plaintiff complains that OPP has "no education program", "no kind of job training program", and "no religious service".

Plaintiff has named as defendants Orleans Parish Sheriff Marlin Gusman and the Louisiana Department of Corrections.  In relief, plaintiff seeks to have this court order that OPP "be brought up to the department of corrections standards", that, in accordance with his sentence, he be placed on work release, that he receive $25,000 in damages for his "pain and suffering", and that because he was in OPP for "the hurricane" and was "left . . . to die", that he be placed in "that class action law suit".

With respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal-
>
>> (i) is frivolous or malicious;
>>
>> (ii) fails to state a claim on which relief may be granted; or
>>
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. §1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir.1994).  In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir.1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>In re Katrina Canal Breaches Litigation</u>, 495 F.3d 191, 205 (5th Cir.2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more

> than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint, along with his allegations set forth during a subsequent status conference,[2] the undersigned recommends that plaintiff's claims be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

As a preliminary matter, the Court notes that the Louisiana Department of Public Safety and Corrections is an improper defendant for two reasons.

First, state agencies are not "persons" subject to suit under 42 U.S.C. §1983. Will v. Michigan Department of State Police, 491 U.S. 58, 66 (1989); Hyatt v. Sewell, 197 Fed. App'x 370 (5th Cir.2006); Cronen v. Texas Department of Human Services, 977 F.2d 934, 936 (5th Cir.1992); McGuire v. Lafourche Parish Work-Release

---

[2]The court must liberally construe a pro se civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir.1994).

4

Facility, Civ. Action No. 09-6755, 2009 WL 4891914, at *3 (E.D.La. Dec. 4, 2009); Levy v. Office of Legislative Auditor, 362 F.Supp.2d 729, 735 (M.D.La.2005); Goins v. State of Louisiana, Civ. Action No. 04-1159, 2004 WL 2694899, *2 (E.D .La. Nov. 22, 2004); Greer v. Tran, Civ. Action No. 02-3145, 2003 WL 21467558, *2 (E.D. La. June 23, 2003).

Second, pursuant to the Eleventh Amendment, "[c]itizens may not bring suit against a state or any instrumentality thereof without the state's consent." Rodriquez v. Texas Commission on the Arts, 199 F.3d 279, 280 (5th Cir.2000); see also U.S. Const. amend. XI. The United States Fifth Circuit Court of Appeals has explained:

> The Eleventh Amendment bars a state's citizens from filing suit against the state or its agencies in federal courts. When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity. By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court. See La.Rev.Stat.Ann. § 13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power. We note that in enacting §1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280-81 (5th Cir.2002) (quotation marks and citations omitted); Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 313-14 (5th Cir.1999); McGuire, 2009 WL 4891914, *3-4.

Accordingly, plaintiff's claims against the Louisiana Department of Public Safety and Corrections must be dismissed.

Plaintiff complains that OPP has peeling paint, mildew on the walls, rust on the bars, dust, lint and "shower odor" transmitted through cell vents, and, generally, overcrowded conditions. He also complains that he was temporarily without a mattress during transition periods when he was being transferred between OPP facilities.

Admittedly, there is a point beyond which a prison's conditions are so unsatisfactory as to render them unconstitutional. See, e.g., Gates v. Cook, 376 F.3d 323, 338 (5th Cir.2004) (confinement in " 'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional). However, the conditions alleged by plaintiff clearly did not rise to that level. See, e.g., Spurlock v. Gusman, Civ. Action No. 10-991, 2010 WL 2102829, *7 (E.D.La. May 5, 2010), adopted, 2010 WL 2102825 (E.D.La. May 25, 2010); Ellis v.Crowe, Civ. Action No. 09-

3061, 2010 WL 724158, *14-16 (E.D.La. Feb. 19, 2010); <u>Carter v. Strain</u>, Civ. Action No. 09-15, 2009 WL 3231826, *3 (E.D.La. Oct. 1, 2009); <u>Crook v. McGee</u>, No. 2:07cv167, 2008 WL 53269, *2 (S.D.Miss. Jan. 2, 2008). The mere fact that the prison is not always as pleasant as a prisoner would like does not render the conditions unconstitutional. <u>See</u> <u>Talib v. Gilley</u>, 138 F.3d 211, 215 (5th Cir.1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."); <u>Wilson v. Lynaugh</u>, 878 F.2d 846, 849 & n. 5 (5th Cir.1989) (noting that the Constitution does not protect prisoners from "discomfort and inconvenience" and that prisoners "cannot expect the amenities, conveniences, and services of a good hotel").

Regarding plaintiff's complaint that it took seven days, after lodging a sick call request, to see a doctor, denial of medical care amounts to punishment and is actionable under §1983 when prison personnel are deliberately indifferent to a prisoner's serious medical needs. <u>See</u> <u>Hare v. City of Corinth</u>, 74 F.3d 633, 648-49 (5th Cir. 1996); <u>Norton v. Dimazana</u>, 122 F.3d 286, 291 (5th Cir. 1997) (citing <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976)). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." <u>Norton</u>, 122 F.3d at 291. A prisoner's disagreement with the course of medical treatment he received does not state a claim for

indifference to medical needs.  Norton, 122 F.3d at 291 (citing Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985)).  Further, in order for an allegation of delayed medical treatment to state a viable claim under §1983, the delay must have been caused by deliberate indifference and resulted in substantial harm to the plaintiff.  See Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993).

A review of plaintiff's medical records, which have been filed into the record, reveals no evidence that plaintiff suffered any "substantial harm" as a result of a seven-day delay in receiving treatment in connection with allergy-related problems associated with the dust, lint and/or "shower odor" in his cell.  Accordingly, plaintiff's claim is without merit.

With regard to plaintiff's complaint about "unsanitary eating conditions", the fact that inmates may be required to eat in their cells while sitting on the floor or bunks is not a condition so egregious as to amount to a constitutional violation.  Morrison v. Gusman, Civ. Action No. 10-217, 2010 WL 724173, *5 (E.D.La. Feb. 22, 2010);  Jones v. Schouppe, Civ. Action No. 06-1083, 2008 WL 163049, *4 (W.D.Pa. Jan. 15, 2008); Kelly v. Gusman, Civ. Action No. 07-611, 2007 WL 2007992, *3 (E.D.La. July 5, 2007); Rayner v. Rees, Civ. Action No. 3:07-CV-P-124-S, 2007 WL 2000080, *5 (W.D.

Ky. June 28, 2007); Malone v. Becher, No. NA 01-101, 2003 WL 22080737, *12 (S.D.Ind. Aug. 29, 2003); Perkins v. Kansas Department of Corrections, No. CIV. A. 95-3520, 1997 WL 383072, *3 (D. Kan. June 9, 1997), aff'd, 131 F.3d 152 (10th Cir. 1997). Likewise, the fact that inmates must eat in the vicinity of the toilet may be unpleasant but it is not unconstitutional. Lathers v. Nelson Coleman Correctional Center, Civ. Action No. 10-128, 2010 WL 1489903, *11 (E.D.La. Mar. 22, 2010), adopted, 2010 WL 1485468 (E.D.La. Apr. 13, 2010); Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, *9 (E.D.La. Mar. 8, 2010); Morrison, 2010 WL 724173, *5; Hill v. Smith, Civ. Action No. 09-0811, 2010 WL 148272, *6-7 (W.D.La. Jan. 12, 2010).

Moreover, without an allegation of resulting harm, complaints regarding food service practices simply are not of constitutional dimension. Wiley v. Blanco, Civ. Action No. 06-3512, 2007 WL 1747019, * 10 (E.D. La. June 15, 2007); see also Spurlock, 2010 WL 2102829, *7; Roper v. Strain, Civ. Action No. 10-341, 2010 WL 923151, *4 (E.D.La. Mar. 8, 2010); Wilkerson v. Champagne, Civ. Action No. 03-1754, 2003 WL 22872106, *2 (E.D.La. Nov. 28, 2003). Further, mere negligence on the part of the jail officials in the way they manage the food services does not amount to a constitutional violation. Flowers v. Dent, No. 93-1987, 1994 WL

171707, *3 (5th Cir. Apr. 29, 1994); Spurlock, 2010 WL 2102829, *7.

Plaintiff's next complaint concerns the fact that OPP offers no education programs or job training programs. These claims are frivolous because there is no constitutional right to educational or rehabilitative services or programs in prison. Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir.1988); Spurlock, 2010 WL 2102829, *6; Lathers v. Nelson Coleman Correctional Center, Civ. Action No. 10-128, 2010 WL 1489903, * 10 (E.D.La. Mar. 22, 2010), adopted, 2010 WL 1485468 (E.D.La. Apr. 13, 2010); Davis v. St. Charles Parish Correctional Center, Civ. Action No. 10-98, 2010 WL 890980, *10 (E.D.La. Mar. 8, 2010); Morrison, 2010 WL 724173, *6; Oatis v. St. Tammany Parish Sheriff's Office, Civ. Action No. 09-6266, 2009 WL 3566120, *2-3 (E.D.La. Oct. 29, 2009); Oglesby v. Gusman, Civ. Action No. 09-3593, 2009 WL 3254145, *2 (E.D.La. Oct. 7, 2009); Sampson v. Corrections Corporation of America, No. 08-CV-0915, 2009 WL 837640, *16 (W.D.La. Mar. 26, 2009); Wilbon v. Gusman, Civ. Action No. 05-2443, 2006 WL 2119458, *2 (E.D.La. July 25, 2006).

Finally, in his complaint, plaintiff states that OPP offers

"no religious service". The First Amendment, as applied to the states by the Fourteenth Amendment, guarantees the right to free exercise of religion. U.S. Const. amends. I and XIV. "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987)(citation omitted). Prison regulations which impinge on that right are invalid unless they are reasonably related to legitimate penological interests. Id. at 349.

At a status conference conducted in connection with plaintiff's complaint, plaintiff stated that he is a Baptist and that Sheriff Gusman offers no religious programs or communal services for OPP inmates to attend. However, plaintiff admitted that the Sheriff does not prohibit private worship according to one's conscience and counsel for the Sheriff advised that pastors and ministers from the community are allowed to conduct services in the prison. The Sheriff's policy in this regard is documented pursuant to the Orleans Parish Sheriff's Office Rules and Regulations regarding organized religious services to be conducted at OPP, along with the Sheriff's policy providing inmates "the right to practice their religion, subject only to the limitations

necessary to maintain institutional order and security."[3]

The Court finds that policy at OPP did not impinge on plaintiff's right to exercise his faith. The Court finds that OPP's policy, providing inmates with the right to practice their religion, subject to security considerations, clearly meets the minimum constitutional standards guaranteed by the First Amendment. As long as those standards are met, that is all that is required, even if other facilities may go beyond their constitutional obligations and voluntarily offer additional programs and services. Spurlock, 2010 WL 2102829, *7-8. Accordingly;

## **RECOMMENDATION**

IT IS RECOMMENDED that plaintiff's claims be dismissed with prejudice as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary relief from a defendant who is immune from such relief.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual

---

[3] A copy of the above-referenced documentation has been filed into the record.

findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  1st  day of   April   , 2011.

                                               ALMA L. CHASEZ
                                       UNITED STATES MAGISTRATE JUDGE